2011 UT App 72

Casey FLORENCE, Plaintiff and Appellant,

v.

Chad COLBERT, Defendant and Appellee.

No. 20100312–CA.

Court of Appeals of Utah.

March 24, 2011.

Lawrence R. Peterson and Bradley G. Nykamp, Salt Lake City, for Appellant.

Justin T. Ashworth, Salt Lake City, for Appellee.

Before Judges ORME, THORNE, and VOROS.

MEMORANDUM DECISION

ORME, Judge:

¶ 1 Appellant Casey Florence appeals the trial court's ruling dismissing his claim related to a loan agreement (the Agreement) between Florence and appellee Chad Colbert, the purpose of which was to provide funds to facilitate Colbert's purchase of certain real estate. Florence contends that the amount Colbert paid him failed to satisfy Colbert's obligation under the Agreement and asks us to construe the Agreement to require Colbert to pay the $80,000 balance Florence claims is due as a result of Colbert's assignment of his interest in the property at issue.

Alternatively, Florence asks us to remand the case to the trial court to determine the intent of the parties in light of contract terms that he claims the trial court did not construe. We affirm the trial court's ruling.

¶ 2 Following a bench trial, the trial court determined that the Agreement was ambiguous.

> [O]nce a contract is correctly determined to be ambiguous in some respect and the trial court proceeds to find facts respecting the intentions of the parties based on extrinsic evidence, then our review is strictly limited. This is because the court's determination as to the parties' intended meaning, based on the evidence presented to the court, becomes a question of fact to be determined by extrinsic evidence of intent. The court then makes the appropriate findings of fact in support of its conclusions.

*Gillmor v. Macey*, 2005 UT App 351, ¶ 38, 121 P.3d 57 (internal quotation marks and citations omitted), *cert. denied*, 126 P.3d 772 (Utah 2005).

¶ 3 Florence first argues that the trial court erred when construing the Agreement by failing to give meaning to all of its terms, failing to construe the Agreement as a whole, and rewriting the Agreement. These arguments challenge the trial court's construction of the contract, thereby raising legal issues not properly before us. Specifically, because the trial court determined that the Agreement was ambiguous,[1] requiring consideration of extrinsic evidence to construe it, and because its construction turns on the facts the court found after considering such evidence, we are limited to reviewing factual issues. *See Peterson v. Sunrider Corp.*, 2002 UT 43, ¶ 14, 48 P.3d 918; Utah R. Civ. P. 52(a) ("Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses.").

¶ 4 Regarding factual issues, Florence argues that the evidence fails to support the trial court's factual finding that Colbert's interpretation of the Agreement was more reasonable and consistent with the intent of the parties and the language of the Agreement. We review factual questions for clear error. *See Deep Creek Ranch, LLC v. Utah State Armory Bd.*, 2008 UT 3, ¶ 10, 178 P.3d 886. "So long as the trial court's findings of fact are sufficiently supported by the evidence and not clearly erroneous, we give great deference to a court's findings, giving due regard to the trial court's favorable position for weighing issues of witness and evidence credibility." *Gillmor*, 2005 UT App 351, ¶ 38, 121 P.3d 57. "However, where the parties challenge the trial court's findings of fact, we first consider whether they have marshaled all the evidence supporting the court's findings and then have also demonstrated that, despite the evidence, the findings are so lacking in support as to be against the clear weight of the evidence." *Id.* ¶¶ 7–8.

¶ 5 Here, although Florence marshaled some of the evidence, Colbert points out that Florence failed to mention several relevant pieces of evidence, including evidence of a phone conversation between Florence and Colbert in which Florence stated, "[B]asically, you know, the deal I had with you guys is if you bought that property, you were going to pay me back $90,000, you know, plus 90." Florence responds that he did not need to marshal this evidence because it does not support the trial court's finding given that "Colbert clearly bought and sold the property."[2]

---

1. Florence does not challenge this conclusion. But even if his arguments could be read as raising this issue, we would not address it because, as Colbert points out, Florence did not preserve this issue for appeal. *See Duke v. Graham*, 2007 UT 31, ¶ 28, 158 P.3d 540 ("We will not address the merits of an argument that has not been preserved absent either plain error or exceptional circumstances.").

2. In his reply brief, Florence contends for the first time that Colbert "bought" the property at issue when he entered into the real estate purchase contract in August 2005. Construing the Agreement based on this premise would lead to a peculiar result, i.e., that Colbert actually purchased the property before he entered into the Agreement with Florence that was intended to facilitate the purchase of the property.

¶ 6 We agree with Colbert that Florence's statement supports the trial court's finding regarding the parties' intent and interpretation of the Agreement. In fact, that statement is consistent with Colbert's testimony that he "understood the agreement to be that he would pay Florence $180,000 if [he] purchased the Property and acquired the financing necessary to develop the project." As a result, it directly supports the trial court's finding that Colbert's interpretation of the Agreement's terms "is reasonable and more consistent [than Florence's interpretation] with the language contained within the Agreement and the context surrounding [its] creation."

¶ 7 The Agreement is incomplete and poorly written. It cannot be construed as a matter of law and cries out for consideration of extrinsic evidence to glean the parties' intentions. Even if we overlook Florence's incomplete marshaling, we have no difficulty in concluding that the findings as to those intentions are adequately supported by the evidence of record. And the trial court's findings are not clearly erroneous.

¶ 8 Affirmed.

¶ 9 WE CONCUR: WILLIAM A. THORNE JR., and J. FREDERIC VOROS JR., Judges.